UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN PROVINO,<br><br>    Plaintiff,<br><br>    v.<br><br>STAFFING SOLUTIONS, INC. D/B/A BALANCE STAFFING SERVICES,<br><br>    Defendant. | Case No.  12-cv-03051-JST<br><br>**MINUTE ORDER NOTING DISMISSAL OR, IN THE ALTERNATIVE, GRANTING JOINT MOTIONS TO DISMISS**<br><br>Re: ECF No. 43 |

Plaintiff and Defendant Staffing Solutions, Inc. d/b/a Balance Staffing Services have filed a stipulation of dismissal dated December 3, 2013, stating that they have agreed to a settlement of this action. ECF No. 43.

There is authority indicating that the dismissal is effective without Court order. "The plaintiff may dismiss some or all of the defendants . . . through a Rule 41(a)(1) notice," and "[t]he filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). While Wilson and other cases involved unilateral dismissal under Rule 41(a)(1)(A)(i) rather than stipulated dismissal under Rule 41(a)(1)(A)(ii), the Ninth Circuit has held that the word "action" in 41(a)(1) refers to "the entirety of claims against any single defendant," rather than to "the entire controversy against all the defendants." Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993). At the time Pedrina was decided, the words "in the action" appeared after the words "all parties who have appeared." See Fed. R. Civ. Pro. 41 (West 1993).

In the alternative, if dismissal was not effective upon court order, since no other parties oppose the motions, the Court hereby GRANTS the joint motions to dismiss pursuant to Rule 41(a)(2).

All claims between these parties have been dismissed with prejudice. Since no other

1  parties currently appear in the case, the Clerk shall close the file.

2  **IT IS SO ORDERED**.

3  Dated: December 20, 2013



JON S. TIGAR
United States District Judge